(C.D. 3645)

DEVON TAPE CORP. ET AL *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 18, 1968)

*Allerton deC. Tompkins* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

MALETZ, Judge: The protests enumerated in schedule "A", hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the protests listed in the attached Schedule A, which Schedule A is made a part of this stipulation, are limited to the items marked "A" or "B" or "D" and initialed JJT by Import Specialist John J. Tracy on the invoices accompanying the entries covered by the protests listed in said Schedule A.

That the items marked "A", as above, consist of plain transparent vinyl tapes coated with an adhesive on one side which were classified by similitude, Paragraph 1559, Tariff Act of 1930 as amended, under Paragraph 31(b)(2) of the same Act at the modified duty rate of 25% ad valorem, T.D. 52739, covering cellulose compounds, not acetate, made from transparent sheets not over 0.003 inch thick, or at the modified duty rates of 28½%, 27% or 25½% ad valorem T.D. 54108, covering similar articles over 0.003 inch thick, which are the same in all material respects as the merchandise that was the subject of decision in the case of *Devon Tape Corp. v. United States*, 51 Cust. Ct. 168, Abstract 67888, and therein held classifiable by similitude (Paragraph 1559) with duty at 17% ad valorem under Paragraph 31(a)(2) of said Act as modified, T.D. 54108, covering articles in chief value of cellulose acetate. Said 17% duty rate has been modified to other rates depending upon the date of entry or withdrawal for consumption, as follows:-

| After | Before | Duty Rate | T.D. Reference |
|-------|--------|-----------|----------------|
| 12/31/47 | 6/30/56 | 20% | T.D. 51802 |
| 6/29/56 | 6/30/57 | 19% | T.D. 54108 |
| 6/29/57 | 6/30/58 | 18% | " |
| 6/29/58 | T.S.U.S. | 17% | " |

That the items marked "B" as above consist of colored vinyl tapes coated on one or both sides with a rubber adhesive and in chief value of said rubber adhesive, which were classified by similitude (Paragraph 559 [sic]) under said Paragraph 31(b)(2) at the said modified rate of 25% ad valorem, T.D. 52739, or at the modified rates of 28½% or 27% or 25½% as above, which are the same in all material respects as the merchandise that was the subject of decision in the case of *Devon Tape Corp.* v. *United States*, 53 Cust. Ct. 283, Abstract 68801, and therein held classifiable by similitude (Paragraph 1559) with duty at 12½% ad valorem under Paragraph 1537(b) of said Act as modified, T.D. 53865 and T.D. 53877. Said 12½% duty rate has been modified to other rates depending upon the date of entry or withdrawal for consumption as follows:–

| After | Before | Duty Rate | T.D. Reference |
|---|---|---|---|
| 9/11/55 | 7/1/62 | 12½% | T.D. 53877 |
| 6/30/62 | 7/1/63 | 11% | T.D. 55615 & T.D. 55649 & T.D. 55816 |
| 6/30/63 | T.S.U.S. | 10% | T.D. 55816 & T.D. 55830 |

That the items marked "D" as above consist of thermoplastic insulating tapes in chief value of vinyl material, which were classified by similitude (Paragraph 1559) under Paragraph 923 of said Act at the modified rate of 20% ad valorem as manufactures in chief value of cotton (colored black), or by similitude (Paragraph 1559) under said provisions in Paragraphs 31(a)(2) or 31(b)(2) (colors other than black), which are the same in all material respects as the merchandise that was the subject of decision in the case of *Devon Tape Corp.* v. *United States*, 57 Cust. Ct. 507, C.D. 2856, and therein held classifiable by similitude (Paragraph 1559) to insulating materials in chief value of rubber under Paragraph 1537(b) of the same Act at the modified rate of 12½% ad valorem, T.D. 54108, which rate has been modified to other rates depending upon the date of entry or withdrawal for consumption, as follows:–

| After | Before | Duty Rate | T.D. Reference |
|---|---|---|---|
| 12/31/47 | 6/30/56 | 15% | T.D. 51802 |
| 6/29/56 | 6/30/57 | 14% | T.D. 54108 |
| 6/29/57 | 6/30/58 | 13% [sic] | " |
| 6/29/58 | 7/ 1/62 | 12½% | " |
| 6/30/62 | 7/ 1/63 | 11% | T.D. 55615 & T.D. 55649 & T.D. 55816 |
| 6/30/63 | T.S.U.S. | 10% | T.D. 55816 & T.D. 55830 |

It is further stipulated and agreed that the record in the cases of *Devon Tape Corp.* v. *United States*, Abstract 67888, *Devon Tape Corp.* v. *United States*, Abstract 68801, and *Devon Tape Corp.* v. *United States*, C.D. 2856, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

On the agreed facts and following our cited decisions on the law, we hold the articles in question, as hereinabove identified, to be properly dutiable as follows:

(1)	the articles marked "A" are dutiable by similitude under paragraph 31(a)(2), as modified, the applicable rate of duty depending upon the date of entry or withdrawal for consumption, as indicated above.

(2)	the articles marked "B" are dutiable by similitude under paragraph 1537(b), as modified, the applicable rate of duty depending upon the date of entry or withdrawal for consumption, as indicated above.

(3)	the articles marked "D" are dutiable by similitude under paragraph 1537(b), as modified, the applicable rate of duty depending upon the date of entry or withdrawal for consumption, as indicated above.

To the extent indicated the protests are sustained and judgment will be rendered accordingly.